SAMUEL BARNETT,

     Petitioner,

V.

FRANCISCO QUINTANA, Warden,

     Respondent.

Civil Action No. 5: 18-211-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Inmate Samuel Barnett has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to screen the petition pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Barnett's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

# I

Barnett indicates that in June 2017 he was moved to a new unit at the Federal Medical Center, but that upon arrival he did not get along with his new cellmates. Barnett immediately talked to a staff member in hopes of being transferred to a new cell, without success. Upon returning to his cell, Barnett

found that some of his personal property had been displaced and some of it stolen. At that time Barnett clenched his fists and yelled that he was going to kill someone. [R. 1-1 at 1]

Officers responding to the incident found Barnett standing in the cell sweating profusely. When the officers told Barnett that he would be escorted to the Lieutenant's office, he alternatively complied and then refused to proceed, on one occasion approaching a staff member aggressively. However, Barnett was cooperative once his anger had subsided. For his conduct, staff issued Barnett a Code 203 Incident Report for Threatening Another with Bodily Harm. Barnett requested that Dr. Boateng, his psychologist, represent him at the disciplinary hearing. [R. 1-2 at 7]

A Disciplinary Hearing Officer ("DHO") held that hearing on June 20, 2017. During the hearing, Barnett acknowledged that he stated that he could kill someone, but contended that it was not directed at any one person and that he was just venting his anger. Barnett alleges that prior to the hearing, Dr. Boateng told him that he would give the DHO records of his history of mental illness, but that during the hearing Boateng failed to do so and did nothing more than act as a character witness. Despite this glaring omission, Barnett states that he did not raise the issue of the missing records at the hearing, and the DHO report itself makes no mention of them. [R. 1-1 at 4-5]

The DHO, relying upon the statement of the reporting officers, concluded that Barnett's statements were threatening, but were not sufficiently directed towards another inmate to constitute a threat to a particular inmate. The DHO therefore found Barnett guilty of a lesser charge, the Code 299 offense Conduct Disruptive of the Orderly Running of the Institution (Most Like Threatening Another with Bodily Harm). As a result the DHO imposed various sanctions, including the loss of 27 days of good time credits as required by 28 C.F.R. § 541.4(b)(2). [R. 1-2 at 8-11]

Barnett administratively appealed the disciplinary conviction, contending that (1) the DHO failed to consider his mental health history which reduced or eliminated his responsibility for his actions; and (2) Dr. Boateng failed to provide adequate representation during the hearing because he did not submit Barnett's mental health records as evidence. The BOP responded that it had

independently confirmed that the DHO considered all of the evidence actually presented during the hearing, and that no documentary evidence was offered for consideration. Nor did the BOP find error based upon Barnett's belief that Dr. Boateng would file his medical records into the record as evidence. [R. 1-2 at 3-6]

## II

When a prison disciplinary board takes action that results in the loss of good time credits in which the prisoner has a vested liberty interest, the Due Process Clause requires prison officials to observe certain protections for the prisoner. Specifically, the prisoner is entitled to advanced notice of the charges, the opportunity to present evidence in his or her defense, whether through live testimony or documents, and a written decision explaining the grounds used to determine guilt or innocence of the offense. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, the board's findings used as a basis to revoke good time credits must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F. 3d 554, 559 (6th Cir. 2013). When determining whether a decision is supported by "some evidence," the Court does not conduct an independent review of the evidence or assess the credibility of witnesses. It asks only "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56; *Higgs v. Bland*, 888 F. 2d 443, 448-49 (6th Cir. 1989).

Barnett's petition before this Court repeats the arguments he made to the BOP during his administrative appeal of his disciplinary conviction. First, he contends that the DHO failed to consider evidence regarding his mental illness. Barnett points to the reporting officer's statements in the Incident Report that Barnett was sweating profusely, "appeared to be passive aggressive" and walked directly at an officer during his escort. [R. 1-1 at 2-4] But the DHO indicated that he had reviewed the Incident Report, and the body of the DHO report itself recites the officer's statements in the Incident Report *verbatim*. [R. 1-2 at 7] The DHO may not have drawn from that information the inferences

that Barnett would have preferred, but there is no basis in the record to conclude that the DHO did not consider all of the evidence before him.

Second, Barnett asserts that prior to the hearing Dr. Boateng told him that he would provide the DHO with his mental health records at the hearing, but that he failed to do so. Barnett explains his failure to protest at the time by stating that he "was under the impression that Dr. Boateng had maybe given [the] DHO his medical records prior to the hearing." Given the asserted importance of the records that Barnett now attaches to them, this explanation strains credibility. Regardless, Barnett contends that this failure deprived him of "adequate" representation at the DHO hearing by undermining his ability to present documentary evidence at the hearing. [R. 1-1 at 5-6]

The Due Process protections required by *Wolff* do not include representation by either an attorney or any other person during a prison disciplinary proceeding. Cf. *Watters v. Ray*, 175 F. App'x 212, 214 (10th Cir. 2006) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976)). The failure of a staff representative chosen by an inmate to perform "adequately," including by failing to present evidence the inmate deems beneficial, does not violate the inmate's due process rights. Cf. *Richardson v. Williams*, No. 3: 14-CV-129, 2015 WL 3937004, at *5 (N.D. W.Va. June 26, 2015). This is so, at least in part, because in the informal context of prison disciplinary proceedings, the assistance provided by a staff representative is merely supplemental to, not a substitute for, an inmate's right to represent his own interests at the hearing by making independent arguments or presenting his own evidence in support of his cause. Cf. 28 C.F.R. § 541.8; BOP Program Statement 5270.09 Ch. 5 (2011). Here, Barnett does not allege that any one refused to permit him to submit documentary evidence, only that his expectation that his staff representative would do so on his behalf was disappointed. Barnett's claim is thus purely one arising from the insufficiency of that representation, a claim that fails to establish a violation of his rights to Due Process. *Jordan v. Wiley*, 411 F. App'x 201 (10th Cir. 2011).

Finally, Barnett asserts that the conduct of the DHO and his staff representative failed to comply with applicable BOP regulations, and that such failure violated his Due Process rights. [R. 1-

1 at 9 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954))]   But "[p]rison regulations are primarily designed to guide correctional officials in the administration of a prison. [They are] not designed to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, "a failure to adhere to administrative regulations does not equate to a constitutional violation." *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citing *Davis v. Scherer*, 468 U.S. 183, 194 (1984)).  Cf. *Farrakhan-Muhammad v. Fox*, No. 16-CV-2272-PAB, 2018 WL 637460, at *6 (D. Colo. Jan. 31, 2018) ("... even if prison officials deviated from BOP regulations in the administration of Applicant's mental health evaluation, the Court cannot conclude that he was denied due process based solely on the failure to follow particular federal regulations and directives.").[1]

The Court separately notes that Barnett was not found guilty of Threatening Another with Bodily Harm, but rather only with Conduct Disruptive of the Orderly Running of the Institution, something his behavior appears to have accomplished.  Barnett attached to his petition documents of the kind he asserts should have been submitted to the DHO, which include a Skills Development Plan setting forth some of the mental and physical challenges he faced and his efforts to address them.  [R. 1-2 at 1-2]  These documents, as well as the conditions Barnett describes, suggest difficulty in managing his mood, but they do not indicate that Barnett was entirely dispossessed of both his ability to understand and to control his actions.  It is therefore far from clear that evidence of this sort would have had any, let alone meaningful, impact on the decision of the DHO to find him guilty of this offense.  Absent a clear demonstration of prejudice, relief is not warranted.  *Mackey v. Federal Bureau of Prisons*, 440 F. App'x 373, 374-75 (5th Cir. 2011).

---

[1]  In addition, as noted above the DHO did not fail to follow the BOP's regulations because he considered the evidence provided at the hearing; Barnett's assertion to the contrary is not supported by the record.  Nor do Barnett's allegations support the notion that Dr. Boateng failed or refused to provide any support or assistance to him within the meaning of the broad language found in the BOP Program Statement.  Thus even if such a claim could be made, the facts alleged are insufficient to make out a clear violation of the BOP regulations at issue.

Accordingly, **IT IS ORDERED** that:

1.     Petitioner Barnett's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated July 18, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY